IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFERY MARX, | § | |
| TDCJ # 716623, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-14-03193 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Jeffery Marx (TDCJ # 716623), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Marx has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a prison disciplinary conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

I.  **BACKGROUND**

TDCJ records indicate that Marx is currently serving two life sentences and a 23 year sentence pursuant to three felony convictions for aggravated sexual assault of

a child. *See* TDCJ Offender Website, http://offender.tdcj.state.tx.us/. Marx does not challenge any underlying criminal conviction here. Instead, he seeks relief from a prison disciplinary conviction that was entered against him. Marx reports that he was charged with filing a fraudulent financial statement in violation of the TDCJ disciplinary rules in disciplinary case # 20140323164 [Doc. # 1, p. 5]. He states that the presiding official found him guilty as charged after conducting a disciplinary hearing. As a result, Marx lost 30 days of good time credit. *Id.* He also was denied commissary privileges and placed on cell restriction for 45 days. In addition, Marx was relegated from State Approved Trustee 3 to Line Class 1 for purposes of his ability to earning future good time credit. *Id.* He also states his custody level was changed from G2 to G5 and that he was assigned to high security confinement. *Id.*

Marx filed a step-1 and a step-2 grievance to challenge the conviction, but his appeals were unsuccessful. He states that the reviewer found no procedural errors and determined that there was sufficient evidence to uphold the finding of guilt. The reviewer also found that the punishment was within agency guidelines and there were grounds to overturn the decision. *Id.*

Marx now seeks a federal writ of habeas corpus to challenge his disciplinary conviction in case # 20140320528. Marx denies filing any financial statement and complains that the charges were based on a TDCJ disciplinary rule that prohibits

inmates from possessing a copy of the Uniform Commercial Code. For reasons set forth below, however, the Court finds that Marx fails to state an actionable claim under the standard of review that governs disciplinary proceedings in the prison context.

## II.  DISCUSSION

Marx seeks habeas corpus relief in federal court from disciplinary proceedings lodged against him in state prison. The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). To prevail, a habeas petitioner must establish a constitutional violation. Marx does not make that showing here for reasons outlined briefly below.

Marx complains he was wrongly found guilty of a disciplinary infraction and was punished without being afforded adequate due process. In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional

rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). The Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Under these circumstances, Marx's petition depends on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). There are two ways in which a state prisoner becomes eligible for early release from confinement in Texas. The first is by "parole" and the second is by release on "mandatory supervision." *See* TEX. GOV'T CODE § 508.001(5)-(6) (West 2012). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson*

4

*v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). However, a parole panel may deny an inmate release on mandatory supervision if the panel determines that an inmate's accrued good conduct time is not an accurate reflection of his potential for rehabilitation or that his release would endanger the public. TEX. GOV'T CODE ANN. § 508.149(b) (West 2013). In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release. *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Texas inmates who are eligible for mandatory supervision have a protected liberty interest in the good-time credits that they have earned. *See Malchi*, 211 F.3d at 956. Therefore, when sanctions are imposed for disciplinary violations, Texas prison officials cannot forfeit good-time credits from inmates who are eligible for mandatory supervision without first affording due process. *See id*.

Marx's conviction for aggravated assault makes him ineligible for early release under mandatory supervision. TEX. GOV'T CODE ANN. § 508.149(a)(7) (West 2013). The prohibition against release under mandatory supervision applies regardless of whether the prisoner is currently "serving a sentence or has previously been convicted

of" an offense listed under § 508.149(a) of the Texas Government Code. TEX. GOV'T CODE ANN. § 508.149(a); *see also Deiotte v. Quarterman*, No. H-08-0973, 2008 WL 3285248, *4 (S.D. Tex., 2008) (habeas petitioner's prior conviction for aggravated sexual assault of a child rendered him ineligible for mandatory supervision) (citing § 508.149(a); *Ex parte Ervin,* 187 S.W.3d 386 (Tex. Crim. App. 2005)). Because Marx is not eligible for mandatory supervision, any good-time credits he has earned apply only toward his eligibility for parole. To the extent that Marx complains that the disciplinary conviction adversely affected his eligibility for parole, this allegation does not state a claim because there is no protected liberty interest in obtaining parole in Texas. *See Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). Moreover, Marx has no right under federal constitutional law to be released before the expiration of his sentence. *Greenholtz*, 442 U.S. at 7. Thus, Marx's loss of good-time credit as the result of the challenged disciplinary conviction implicates no protected liberty interest and, therefore, no valid due process claim in connection with that sanction. *See Malchi*, 211 F.3d at 957-58.

Likewise, the other sanctions imposed against Marx (loss of privileges, reduction in status) do not implicate the Due Process Clause. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's]

confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). A 30 day suspension of commissary privileges and a 45 day imposition of cell restriction are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because these sanctions do not implicate a protected liberty interest, Marx fails to demonstrate a violation of the Due Process Clause.

To the extent that Marx complains the outcome of the disciplinary proceeding may have adverse impacted his custody level and imposed additional restrictions on him, such changes are not subject to challenge because prisoners do not have a protected right to a specific classification or a right to be assigned to a particular area in a prison. *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008); *Jennings v. Federal Bureau of Prisons*, 354 F. App'x 60, 61 (5th Cir. 2009)) (citing *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir.1992)). It is well established that prison officials exercise wide discretion concerning where they assign prisoners and what restrictions they may order for the prisoners *Morgan v. Hubert*, 459 F. App'x 321, 325 (5th Cir. 2012)(citing *McCord v. Maggio,* 910 F.2d 1248, 1250 (5th Cir.1990); *Wilkerson v.*

*Maggio,* 703 F.2d 909 (5th Cir.1983)). The courts will not interfere with the prison officials' decisions unless they have abused their discretion and have imposed an 'atypical and significant hardship' on the prisoner. *Hernandez*, 522 F.3d at 562; *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989). Marx's complaint about remaining in pre-hearing detention for longer than the prescribed period is not actionable either. *Tilmon v. Prator*, 368 F.3d 521 (5th Cir. 2004). The alleged failure to comply with prison regulations alone is not a constitutional violation. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Thus, the pending federal habeas petition must be dismissed.

### III. **CERTIFICATE OF APPEALABILITY**

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate

of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a federal writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The application to proceed in forma pauperis [Doc. # 3] is **GRANTED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on November 17, 2014.

*[signature]*

Nancy F. Atlas
United States District Judge